IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY BETH CRONIN, } | |
| } | |
| Plaintiff } | |
| } | CIVIL ACTION NO. |
| vs. } | |
| } | 98-AR-1696-S |
| ITT SHERATON, ET AL., } | |
| } | |
| Defendants } | |

FILED 98 DEC 30 PM 2:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC 30 1998

## MEMORANDUM OPINION

The court is faced with a motion by defendants, ITT Sheraton and Sheraton Operating Corp., to dismiss and to compel the arbitration of the claims presented by plaintiff, Mary Beth Cronin. The issue of arbitrability has been well briefed by both sides. Both sides have meritorious arguments, but defendants' position is the stronger and must prevail.

Although the motion under consideration has been filed by an entity calling itself "Sheraton Operating Company d/b/a Sheraton Civic Center Hotel" and not by either of the defendants as named by plaintiff, plaintiff has not disputed the averment that the defendant by the name it calls itself is plaintiff's employer and is the proper party defendant. In fact, plaintiff's response is to "defendants'" (plural) motion.

Arbitration is the emerging dispute resolution tool of preference. For instance, in *Paladino v. Avnet Computer*

15

*Technologies, Inc.*, 134 F.3d 1054, 1062 (11th Cir. 1998), cited here by plaintiff, the Eleventh Circuit acknowledges "a strong federal policy favoring arbitration." None of the exceptions to or avenues around enforceable arbitration apply to the undisputed facts in this case. Plaintiff, who is an "at will" employee, remained on the job after the effective date of the promulgation of the instant arbitration proposition, and thereby became bound by that proposition. Once plaintiff became a party to the contract, the only question is what did that contract provide? This particular contract is quite clear in its intent to cover Title VII and § 1981 statutory employment claims. There is not the equivocation the Supreme Court found to exist in *Wright v. Universal Maritime Service Corporation*, 119 S. Ct. 391 (1998). Although in this case the cost of the arbitration proceeding is fully borne by the employer only if the employee prevails, the agreement in this regard is not unconscionable or overreaching and is the functional equivalent of a courthouse resolution insofar as potential cost is concerned. Last, the forms of relief available to this plaintiff in arbitration include the entire Title VII and § 1981 panoply. The provision that "[a]ttorneys' fees and additional costs associated with having the attorney are the sole responsibility of the party having the attorney" is no more than an expression of the usual American rule, and, in this court's opinion, does not subtract from the right of the arbitrator to

award reasonable attorneys fees to a prevailing employee under a Title VII and/or § 1981 theory as part of the relief. In the event this court misreads this provision and it intended to preclude an award of attorneys fees to a prevailing claimant, such a shortcoming is not enough to trigger the virulent and understandable criticisms of the arbitration scheme described in *Paladino supra*.

    A separate appropriate order will be entered.

    DONE this ___30th___ day of December, 1998.

                                  _____
                                    WILLIAM M. ACKER, JR.
                                    UNITED STATES DISTRICT JUDGE